IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A. TORRES-RIVERA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TABB BICKELL, et al. | : | NO. 13-3292 |

<u>ORDER</u>

AND NOW, this 10th day of November, 2014, upon consideration of petitioner Jose A. Torres-Rivera's June 6, 2013[1] <u>pro se</u> petition for writ of <u>habeas corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry #1), our July 7, 2013 Order referring this matter to the Honorable Elizabeth T. Hey for a Report and Recommendation, Judge Hey's August 26, 2014 Report and Recommendation ("R&R") (docket entry #12), and petitioner's <u>pro se</u> objections thereto (docket entry #16), and the Court finding that:

(a)     On August 26, 2014, Judge Hey issued her R&R that petitioner's petition for the writ of <u>habeas corpus</u> be denied and that we decline to issue a certificate of appealability, R&R at 1;

(b)     Local Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) … within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections;"

---

[1] As Judge Hey notes on page 5 of her R&R, the federal court employs the "mailbox rule," deeming such petitions filed when given to prison authorities for mailing. <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998) (citing <u>Houston v. Lack</u>, 487 U.S. 266 (1988)).

(c)      In our September 5, 2014 Order, we granted petitioner an extension of time in which to file his objections to the R&R, which he did on November 5, 2014;

(d)      We make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which petitioner objects, <u>see</u> 28 U.S.C. § 636;

(e)      The R&R recounts the factual and procedural history of petitioner's case, which is as follows;

(f)      On August 20, 2010, following a trial before the Honorable Jeffrey K. Sprecher of the Berks County Court of Common Pleas, a jury convicted petitioner of first-degree murder and firearms not to be carried without a license, R&R at 1;

(g)      Judge Sprecher, later summarizing the evidence, explained that video surveillance captured petitioner shooting one Carmelo Isasas Muniz on March 2, 2009, outside a club, <u>id.</u> at 2;

(h)      On September 23, 2010, Judge Sprecher sentenced petitioner to life in prison for first-degree murder and a concurrent prison term of twenty to forty months on the firearms count, <u>id.</u> at 2-3;

(i)      The sentencing court denied petitioner's post-sentence motion, and petitioner filed a timely notice of appeal, complaining that (1) the trial court erred in denying petitioner's motion for a new trial where the murder verdict was against the weight of the evidence and (2) the sentence of life imprisonment violated the Eighth Amendment, as petitioner was mentally retarded, <u>id.</u> at 3;

(j)     On December 2, 2010, Judge Sprecher recommended that the appeal be denied, concluding that the issues were meritless, <u>Commonwealth v. Torres-Rivera</u>, No. CP-06-CR-1903-2009, Opinion (Berks C.C.P. Dec. 2, 2010), <u>id.</u> at 3;

(k)     The Public Defender's office represented petitioner up until this point, and on March 14, 2011, new counsel, attorney Jay Nigrini, filed an entry of appearance in the Superior Court and filed a <u>praecipe</u> to discontinue the appeal, certifying that the appellant agreed to the discontinuance, <u>id.</u>;

(l)     No further action was taken in petitioner's direct case, <u>id.</u>;

(m)     On March 22, 2011, petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551, arguing that he was denied effective assistance of counsel on four separate grounds,[2] R&R at 4;

(n)     Judge Sprecher held a hearing over three days during which he heard testimony from petitioner and his trial attorney, Richard Joyce, and then denied the PCRA petition on the merits[3] on February 9, 2012, <u>id.</u>;

(o)     On appeal to the Superior Court, petitioner raised only one of his four claims, namely the improper remarks in the prosecutor's closing argument, <u>id.</u>;

---

[2] Petitioner alleged (1) counsel failed to move for a mistrial based upon the prosecutor's improper remarks in closing argument, (2) petitioner never agreed to counsel's trial strategy and maintained his innocence, (3) petitioner wished to testify at trial to assert his innocence, and (4) counsel failed to introduce evidence that petitioner falsely confessed because of his limited intelligence and police coercion. R&R at 4.

[3] Judge Sprecher found (1) the statements were improper, but defense counsel objected, the court sustained the objection and provided curative instructions to the jury, and trial counsel had a valid strategy in not moving for a mistrial, (2) petitioner agreed to counsel's trial strategy, (3) petitioner withdrew the claim that his lawyer refused to allow him to testify to assert his innocence, and petitioner acknowledged that the judge conducted a colloquy in which petitioner indicated he did not want to testify, and (4) the confession was not false and there was no police coercion. R&R at 4.

(p)      On September 12, 2012, the Superior Court affirmed, concluding that the claim lacked merit for reasons similar to what the PCRA court adopted, Commonwealth v. Torres-Rivera, 60 A.3d 850 (table), No. 378 MDA 2012, at 6-11 (Pa. Super. Sept. 12, 2012);

(q)      The Pennsylvania and United States Supreme Courts denied review, Commonwealth v. Torres-Rivera, 64 A.3d 632 (table), No. 812 MAL 2012 (Pa. Apr. 9, 2013), cert denied, 134 S. Ct. 144 (Oct. 7, 2013);

(r)      Petitioner timely[4] filed his federal habeas petition on June 6, 2013;

(s)      The petition included four numbered claims, which Judge Hey construed as six different claims, based on the substance of the errors alleged, R&R at 5;

(t)      Petitioner argues, by Judge Hey's account,[5] that his trial counsel provided ineffective assistance of counsel by failing to (1) try to suppress evidence identifying him as the shooter, (2) challenge the weight of the evidence, (3) challenge the sufficiency of the evidence, (4) investigate an alibi witness, (5) interview witnesses at the scene who would have proven he was not the shooter, and (6) request a mistrial for the prosecutor's closing remarks, id.;

(u)      Petitioner also relies upon Martinez v. Ryan, -- U.S. --, 132 S. Ct. 1309 (2012) to argue that his unexhausted claims should not be considered defaulted in light of prior counsel's ineffectiveness in failing to preserve his claims, Pet. at ¶¶ 12-13;

_____

[4] As Judge Hey explains, petitioner's conviction became final when he withdrew his direct appeal on March 16, 2011. R&R at 6, n.5. Petitioner filed a timely PCRA petitioner just eight days later, which tolled the running of the limitations period until the PCRA proceeding concluded on October 17, 2013. Id. petitioner filed his federal petition on June 6, 2013, before the limitations period began running again. Id.

[5] We agree with and adopt Judge Hey's generous reading of petitioner's numbered claims. In the actual petition, claims one and four argue against default based on prior counsel's ineffectiveness, while claim two identifies five grounds of ineffectiveness, and claim three identifies a sixth ground of ineffectiveness. R&R at 5, n. 4.

(v)     Before a federal court can consider the merits of a habeas claim, a petitioner must comply with the exhaustion requirement of 28 U.S.C. § 2254(b), meaning a petitioner must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999);

(w)     Further, a petitioner must fairly present his federal constitutional claims to the state court, meaning that he must present the same factual and legal basis for the claim to put the state court on notice that he is asserting a federal claim, McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999);

(x)     A petitioner's failure to exhaust his state remedies may be excused in limited circumstances when exhaustion would be futile, Lambert v. Blackwell, 134 F.3d 506, 518-19 (3d Cir. 1997), and when such futility arises from a procedural bar to state court relief, a petitioner's claim is subject to the procedural default rules, Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000);

(y)     The court may only address a procedurally defaulted claim if a petitioner establishes cause for the default and prejudice resulting therefrom, or that the failure to consider the claim will result in a fundamental miscarriage of justice, id. (citing McCandless, 172 F.3d at 260);

(z)     To show cause excusing default, a petitioner must show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule, id. at 192-93;

(aa)     To show prejudice, a petitioner must prove that the errors at trial worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions, id. at 193;

(bb)     To satisfy the fundamental miscarriage of justice exception to procedural default, a petitioner must show that a constitutional violation probably resulted in the conviction of one who is actually innocent, Schlup v. Delo, 513 U.S. 298, 327 (1995), which requires a petitioner supplement his claim with a colorable showing of factual innocence, McCleskey v. Zant, 499 U.S. 467, 495 (1991), meaning he must present new, reliable evidence -- not presented at trial -- of factual innocence, Schlup, 513 U.S. at 324;

(cc)     The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limits the nature of federal habeas review, as it increases the deference we must afford to state courts' factual findings and legal determinations, Werts, 228 F.3d at 195-96;

(dd)     We may grant a habeas petition only if (1) the state court's adjudication resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or if (2) the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2);

(ee)     We presume correct a state court's determination of factual issues, and a petitioner may only rebut that presumption by clear and convincing evidence, Werts, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1));

(ff)     Ineffective assistance of counsel claims are governed by Strickland v. Washington, 466 U.S. 668 (1984), and a petitioner must show both deficient performance -- performance falling below that which is reasonable under the prevailing professional norms --

and prejudice -- but for counsel's unprofessional errors, the result of the proceeding would have been different, id. at 689, 694;

(gg)    As applied to appellate counsel's performance, a petitioner must show his claim would have succeeded on appeal, United States v. Tyler, 207 F. App'x 173, 175 (3d Cir. 2006) (not selected for publication); Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999) (appellate counsel cannot be ineffective for failing to preserve a meritless issue for appellate review);

(hh)    In her R&R, Judge Hey found that of petitioner's six claims, only one had been exhausted -- the claim that his trial counsel was ineffective for failing to request a mistrial after the prosecutor's closing remarks, R&R at 10;

(ii)    Judge Hey found that petitioner exhausted this claim by raising it in his appeal and PCRA petition, id. at 11;

(jj)    The PCRA court rejected this claim following a hearing, and the Superior Court affirmed, as petitioner's trial counsel had a valid strategic reason for not moving for a mistrial,[6] and petitioner has not pointed to any defect in the Superior Court's analysis, id. at 15;

(kk)    Further, any error in the prosecutor's statements was cured by defense counsel's prompt objections, which the trial court sustained and followed with immediate curative instructions, id.;

---

[6] Reasonable trial strategies are entitled to a high degree of deference, and are not second-guessed simply because the jury found the petitioner guilty. Strickland, 466 U.S. at 689; Rolan v. Vaughn, 445 F.3d 671, 682 (3d Cir. 2006). Specifically, trial counsel's strategy was to argue that petitioner's mental state warranted only a conviction of third-degree murder, not first-degree murder. R&R at 15. To that end, defense counsel presented two expert witnesses, neither of which the Commonwealth challenged with its own experts. Id. Trial counsel testified that he believed, in a second trial, the prosecutor would be better prepared. Id.

(ll)    Judge Hey concluded, in light of the evidence, that there was no basis to disturb the Superior Court's conclusion that petitioner was not prejudiced by his counsel's failure to move for a mistrial, as the decision that he was not prejudiced was reasonable, id. at 18;

(mm)   We agree with Judge Hey's R&R with regard to the one unexhausted claim discussed above, and petitioner's objections, which merely restate the claims in his petition, do not undermine our conclusion;

(nn)    Judge Hey found that petitioner's five additional claims of ineffective assistance of counsel were not exhausted, and though petitioner raised the underlying merit of one of these claims on direct appeal, he then withdrew that appeal, and the other four claims had not been raised prior to this petition, id. at 19;

(oo)    Because it is now too late to raise these claims in state court, there is a procedural bar resulting in a default of all five claims, and as Judge Hey correctly analyzed it is necessary to determine if petitioner can establish both cause and prejudice to cure the default, or if failure to consider his claims will result in a fundamental miscarriage of justice, id.;

(pp)    Judge Hey explains that petitioner correctly argues that Martinez v. Ryan, -- U.S. --, 132 S. Ct. 1309 (2012), may apply to his case, as the Supreme Court carved out a narrow exception to the rule that ineffective assistance of PCRA counsel does not provide cause to excuse a procedural default, holding that inadequate assistance at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial, id. at 1315, because otherwise in such an instance no court would review the prisoner's claims, id. at 1316;

(qq)    Martinez therefore only applies to claims of ineffective assistance of trial counsel where the errors or absence of post-conviction counsel caused a default of the claims at the initial-review post-conviction proceeding, id. at 1318;

(rr)    But to take advantage of Martinez, a petitioner must demonstrate that the underlying ineffectiveness claim is substantial, meaning it has some merit, id.;

(ss)    Petitioner meets the requirement of Martinez that the claims be of the type that can first be raised in a collateral proceeding, because in Pennsylvania at the time of petitioner's case, ineffective assistance of counsel claims could not be brought on direct appeal, see Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002);

(tt)    Petitioner must also show that his failure to raise the claims in the state collateral proceeding was the result of absence or ineffectiveness of counsel, R&R at 20;

(uu)    Judge Hey assumed for purposes of her analysis that petitioner's PCRA counsel had no strategic or otherwise sound basis for failing to raise the claims petitioner now brings forward in order to assess the merits of the underlying claims, an analytic move with which we agree, id. at 20-21;

(vv)    To prevail under Martinez, petitioner must show his claims have some merit, meaning that jurists of reason could disagree with the resolution of his constitutional claims or conclude the issues presented are adequate to deserve encouragement to proceed further, see Martinez, 132 S. Ct. at 1318-19 (analogizing the merits analysis to the analysis for a certificate of appealability); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (describing the standard for issuing certificates of appealability);

(ww)    Judge Hey in her R&R analyzed the merits of petitioner's five claims for ineffective assistance of counsel, R&R at 21-25;

(xx)     Judge Hey found that, with respect to petitioner's first claim -- trial counsel was ineffective for failing to file a suppression motion -- petitioner failed to identify what evidence he meant, nor did the evidence presented at his trial -- a videotape of the shooting and witness testimony identifying petitioner as the shooter in the video -- lend itself to any kind of motion to suppress based on improper suggestiveness or any property or privacy interest of the petitioner, id. at 22;

(yy)     We agree with Judge Hey that we cannot find any merit to the suppression claim, and petitioner therefore cannot rely upon Martinez to overcome his default, id.;

(zz)     Judge Hey found, with respect to the second claim -- trial counsel was ineffective for failing to challenge the weight of the evidence -- that this claim also lacked merit, as the evidence of the shooting itself provided a more than sufficient basis for a jury to conclude that petitioner had the specific intent to kill his victim, and the jury was not required to credit the defense witnesses' expert testimony to the contrary, id. at 23;

(aaa)    We therefore agree with Judge Hey that petitioner's second claim is not substantial and Martinez cannot provide an avenue for excusing petitioner's procedural default, id. at 24;

(bbb)   Judge Hey found, with respect to petitioner's third claim -- counsel was ineffective for failing to object to the sufficiency of the evidence -- that petitioner only stated the bare claim and provided no reasoning, and further that the videotape and witness testimony provided enough evidence that trial counsel would not have had a meritorious basis to argue that the evidence was insufficient to go to the jury on a first-degree murder charge, id.;

(ccc)   We therefore agree with Judge Hey that petitioner's third claim does not meet the Martinez threshold to establish cause for the default, id.;

(ddd)   Judge Hey found, with respect to claims four and five -- trial counsel was ineffective for not investigating an alibi witness or interviewing witnesses as the crime scene -- that the claims lacked the same specificity found wanting in petitioner's suppression claim, as petitioner did not identity who the witnesses were or what they would have said, id.;

(eee)   We agree that, as such vague allegations have no potential merit, petitioner has not met the threshold showing Martinez required for claims four and five, cf. Palmer v. Hendricks, 592 F.3d 386, 395 (3d Cir. 2010) ("bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing" in the habeas context);

(fff)   Petitioner's objections largely restate the arguments made in his petition, and therefore do not undermine our conclusions;

(ggg)   We also agree with Judge Hey that, even if petitioner could overcome procedural default, he cannot show prejudice from the default of his claims, and he is unable to overcome default by establishing a fundamental miscarriage of justice, as he has (a) identified no errors in the proceedings below requiring relief, (b) provided no substantive arguments beyond bare allegations of trial counsel's failures, and (c) brought no new reliable evidence or made a colorable showing of factual innocence, R&R at 25;

(hhh)   We therefore conclude that the state court's conclusions on petitioner's one exhausted claim were reasonable, his remaining claims of ineffective assistance of counsel are procedurally defaulted, and he cannot establish entitlement to relief from the default;

(iii)   Petitioner, in his objections, alleges his actual innocence of the crimes charged, see Objections at 6-9;

(jjj)   As the Supreme Court explained in Herrera v. Collins, 506 U.S. 390 (1993), "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the

11

Constitution - not to correct errors of fact," id. at 400, and so "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits," id. at 403;

(kkk)   The Supreme Court explained that the threshold showing is therefore extraordinarily high, id. at 417;

(lll)    Petitioner neither provides new facts nor any support for his actual innocence claims beyond assertions about witnesses whom trial counsel failed to interview, and his assertions are nowhere near the threshold showing of actual innocence;

(mmm)Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition…is issued, the district court judge will make a determination as to whether a certificate of appealability should issue;"

(nnn)   Such a certificate should only issue if the petitioner demonstrates that reasonable jurists could debate whether the petition states a valid claim for a denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

(ooo)   We do not believe reasonable jurists would debate the conclusion that the Superior Court's decision on petitioner's unexhausted claim was reasonable or the conclusion that his remaining claims are procedurally defaulted and petitioner has provided no basis for us to excuse that default, and so we decline to issue a certificate of appealability.

It is hereby ORDERED that:

1.       Petitioner's objections (docket entry #16) are OVERRULED;

2.       Judge Hey's August 26, 2014 R&R (docket entry #12) is APPROVED and ADOPTED;

3.      Petitioner's <u>habeas</u> petition (docket entry #1) is DENIED;

4.      For the reasons stated in (ooo) above, we DECLINE to issue a certificate of appealability; and

5.      The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


<u>_/s/ Stewart Dalzell, J.</u>
Stewart Dalzell, J.